```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


In re: COMMERCE, LLC         *
     (Debtor)                *    Bankr. Case No. 13-12598-JFS
                             *         (Chapter 7)
 *  *  *  *  *  *  *  *  *  *  *  *
                             *
ZVI GUTTMAN, TRUSTEE         *
                             *    Bankr. Adv. No. 15-69-JFS
v.                           *    Civil No. WMN-15-1294
                             *
CHEMENCE, INC. et al.        *
                             *
       *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Before the Court is a motion filed by Defendants Chemence, Inc. and Chemence Medical Products, Inc. (collectively Chemence)[1] to withdraw the reference of this adversary proceeding to the Bankruptcy Court. ECF No 1. The motion is fully briefed. Upon review of the filings and the applicable case law, the Court determines that no hearing is necessary and that the motion should be granted.

This action was filed as an adversary action in the bankruptcy case of Debtor Commerce, Inc. (Commerce). Plaintiff Zvi Guttman is the Debtor's Chapter 7 Trustee. Commerce was once a major wholesale distributor of lawn, garden, outdoor

---

[1] There are four related "Chemence" entities named as Defendants in the adversary proceeding: Chemence, Inc.; Chemence Medical Products, Inc.; Chemence Medical, Inc.; and Chemence, LLC. For purposes of this memorandum, the Court will treat them as a single entity.

living, and holiday products.  During all times relevant to the instant dispute, Commerce's president was Malcolm Cork.  It is alleged in the Complaint that, in 2011, Cork formed a new company, Medical Solutions International, Inc. (Medical Solutions), of which he was either the sole or majority shareholder.  AP ECF No. 1 ¶ 14.[2]  Medical Solutions then entered into a business relationship with Chemence, an enterprise which is engaged in the manufacture of adhesives used in the assembly of certain medical products.

    On or about July 15, 2011, Cork, in his capacity as President of Commerce, caused Commerce to wire $187,500.00 to Chemence (the Payment).  This Payment is believed to have been made in connection with the anticipated purchase of Chemence products by Cork's newly formed company, Medical Solutions.  Plaintiff alleges that Chemence knew that the Payment came from Commerce, knew that it had no business relationship with Commerce, and thus, knew that it had no right to retain the wired funds.  Id. ¶¶ 21-24.

    In August of 2012, Commerce filed a suit in this Court against Medical Solutions relating to a $150,000.00 Commerce check that Cork allegedly had issued to Medical Solutions.  Civ. No. WMN-12-2393.  This complaint asserted claims for "Money Had

---

[2] Filings in the Adversary Proceeding in the Bankruptcy Court will be designated as "AP ECF."

and Received," "Unjust Enrichment," and "Conversion." Also in August 2011, Commerce filed a separate suit in this Court against Cork alleging that he had breached his agreement to repay a $450,000.00 shareholder loan made to him by Commerce. Civ. No. RDB-12-2513. These cases were consolidated and on February 19, 2013, the parties submitted a stipulation of dismissal, with prejudice.

Four days before that, on February 15, 2013, creditors of Commerce filed an involuntary bankruptcy petition against Commerce. Bankr. Case No. 13-12598-JFS. Two years later, on February 13, 2015, Plaintiff filed the instant adversary action complaint which includes counts for "Unjust Enrichment" (Count I), "Constructive Trust" (Count II), "Declaratory Relief" (Count III), and "Turnover" (Count IV). On April 2, 2015, Chemence filed an Answer to the Complaint as well as a jury demand. AP ECF No. 10. In that Answer, Chemence also indicated that there was no consent to the entry of final orders or judgment by the Bankruptcy Judge. Id. ¶ 3. On April 15, 2015, Chemence filed the instant motion for withdrawal of reference.

This action was referred to the Bankruptcy Court under 28 U.S.C. § 157. Section 157 provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

3

"The district court has broad discretion in deciding whether reference should be withdrawn for cause shown." In re Millennium Studios, Inc., 286 B.R. 300, 303 (D. Md. 2002). Courts determining whether cause exists for withdrawal are to consider the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of the resources of debtors and creditors; (5) reduction in forum shopping; and (6) the preservation of a right to a trial by jury (or likelihood of a jury trial). Mason v. Ivey, 498 B.R. 540, 549 (M.D.N.C. 2013). The first factor — whether the matter is core or non-core — is generally afforded more weight than the other factors. In re O'Brien, 414 B.R. 92, 98 (S.D.W. Va. 2009). Furthermore, it is the movant's burden to show cause for the permissive withdrawal of reference to bankruptcy court. Millennium Studios, 286 B.R. at 303.

This action is clearly not a "core" proceeding. "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11 [of the Bankruptcy Code]." Stern v. Marshall, 131 S. Ct. 2594, 2605 (2011); see also 28 U.S.C § 157(b)(1). To fit within the category of cases "arising in" a bankruptcy case, the controversy at issue is generally one that "'would have no practical existence but for the bankruptcy.'" Albert v. Site

4

Management Inc., 506 B.R. 453, 456 (D. Md. 2014) (quoting Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003), emphasis in Grausz). The controversy giving rise to Plaintiff's claims arose more than a year before the filing of the bankruptcy case and certainly would have had "practical existence" outside the bankruptcy. The controversy at issue here is, in fact, very similar to the previous claims that were brought in this Court in Civil Action Nos. WMN-12-2393 and RDB-12-2513. In addition, the substantive claims here cannot be said to be claims that "arise under" Title 11 of the Bankruptcy Code as they are premised on state law and not on any provision of the Bankruptcy Code.

Furthermore, there is clearly a right a jury trial as to the primary claim here asserted. Maryland courts and federal courts have consistently held that a defendant facing an unjust enrichment claim to recover money is entitled to a jury trial. See, e.g., Ver Brycke v. Ver Brycke, 843 A.2d 758, 775 (Md. 2004); Mona v. Mona Elec. Group, Inc., 934 A.2d 450, 480 (Md. Ct. Spec. App. 2007); In re Auto. Prof'ls, Inc., 389 B.R. 621, 627 (E.D. Ill. 2008). Plaintiff offers no argument that Chemence does not have the right to have the unjust enrichment claim resolved by a jury. See ECF No. 2 at 2 (conceding that Chemence's claim of entitlement to jury trial on unjust enrichment claim "may be correct").

5

As to the other factors in determining whether cause exists for withdrawal, this Court finds that none of those factors support keeping this action in the Bankruptcy Court. Plaintiff makes no argument that this action is related to any other issue pending in the bankruptcy case. Except perhaps the remedy of "turnover," there is nothing in this action calling for the unique expertise of the Bankruptcy Court.

Furthermore, Chemence has indicated that it intends to file a third-party complaint against Cork and Medical Solutions asserting that Cork and Medical Solutions would be liable to Chemence to the extent that Chemence is found liable to the bankruptcy estate. ECF No. 1-1 at 10. There is some question as to whether the jurisdiction of the Bankruptcy Court could extend to this third-party complaint in that the resolution of the third party claim would not impact the bankruptcy estate. Judicial efficiency would not be served if, after a ruling against Chemence, the same factual issues would need to be relitigated under the third-party complaint. Plaintiff makes no response to this aspect of Chemence's motion.[3]

In opposing the motion, Plaintiff urges the Court to essentially ignore the unjust enrichment claim and focus instead on the remaining three counts: for declaratory relief,

---

[3] Plaintiff also makes no response to Chemence's argument that its motion was not motivated by forum shopping.

6

constructive trust, and turnover. The Court concludes, however, that these counts are more in the nature of remedies, not causes of action. See Lyon v. Campbell, 33 F. App'x 659, 663 (4th Cir. 2002) ("A constructive trust is an equitable remedy, not a cause of action in and of itself."). These other "claims" also each depend on a finding of liability under the unjust enrichment claim. For example, two of the declarations sought in the Complaint are: 1) "that the Payment conferred a $187,500.00 benefit on [Chemence]," and 2) "that it is inequitable for [Chemence] to retain the Payment." A.P. ECF No. 1 at 5. These are the same elements, however, that a jury would need to find to establish unjust enrichment. The third and last requested declaration – "that the Payment is property of the within bankruptcy estate" – is simply the outcome of the first two declarations.

Similarly, the constructive trust and turnover remedies are dependent on a finding of unjust enrichment. The only ground given in support of Plaintiff's constructive trust count is the assertion that "[Chemence] has been unjustly enriched by the Payment," id. ¶ 30, and that assertion is based upon the same elements – that Chemence knew it received funds under circumstances that made it inequitable for those funds to be retained. Id. ¶¶ 31, 32. As for the turnover remedy, Plaintiff represents that it comes into play "'[i]f it has been

7

established that certain assets are a part of the bankruptcy estate.'"  ECF No. 2 at 4 (emphasis added) (quoting Walker v. Weese, 286 B.R. 294, 299 (D. Md. 2002)).  Unjust enrichment, however, is the only ground set forth in the Complaint for establishing that the Payment is the property of the estate.

In opposing Chemence's motion, Plaintiff relies almost exclusively on two cases: Weese and In Re Felice, 480 B.R. 401 (Bankr. D. Mass. 2012).  Both are inapposite.  Weese was an adversary action brought by the Chapter 11 trustee to challenge the debtors' prepetition attempt to transfer assets to an offshore trust.  The trustee maintained that the trust was a self-settled trust which, as a matter of law, is void as against creditors.  In denying the motion for withdrawal of reference, this Court noted that the issue of whether the trust was self-settled and void under the applicable law "could be resolved with little need for a finder of fact."  286 B.R. at 298.  The Court further cautioned that the trial in the bankruptcy court would be limited to the validity of the trust under the applicable law and the trustee would not be permitted "to circumvent [the debtor's] jury trial rights by pleading one set of claims and implicitly trying another set of claims at trial."  Id. at 300 n.6.

Similarly, the bankruptcy court in Felice addressed whether it had the authority to determine the legal issue of whether the

8

debtor's interest in a family trust was property of the bankruptcy estate. The bankruptcy judge concluded that he could, but only after observing that his determination "affects only the debtor's property interests, and does not augment the estate [with an asset belonging to a third party]." 480 B.R. at 418. As to the debtor's right to due process, the bankruptcy judge noted that he voluntarily submitted to the authority of the bankruptcy court when he filed his bankruptcy petition. Id. Here, the adversary action reaches after the property of a non-consenting third party.

For these reasons, the Court will grant the motion for withdrawal of reference and this case will proceed in this Court. Chemence shall be further granted 20 days from this date to file a third party complaint. Once that third party complaint is responded to, the Court will issue an appropriate scheduling order.

A separate order granting the motion to withdraw reference will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: July 1, 2015